UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID ROMANO                                    CIVIL ACTION

VERSUS                                          NO: 19-2376

DOLLAR GENERAL STORE NO. 10500                  SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Plaintiff David Romano's Motion to Remand (Doc. 7). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff David Romano alleges that he was injured when he slipped and fell while shopping at a Dollar General store in Slidell, Louisiana. Plaintiff initially filed suit against "Dollar General Store No. 10500" in the 22nd Judicial District Court for St. Tammany Parish. He later amended his suit to add DG Louisiana, LLC d/b/a Dollar General Store No. 10500 as a defendant. DG Louisiana, LLC then removed the action to this Court on the basis of diversity jurisdiction. Plaintiff now moves for remand, arguing that (1) the removal was

1

improper because all defendants did not consent, and (2) the removal was untimely.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

**A. Consent of all Defendants**

First, Plaintiff argues that this matter should be remanded because Defendant DG Louisiana, LLC did not receive consent from other defendants before removing it. When a civil action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[4] Plaintiff argues that DG Louisiana, LLC did not receive consent from Dolgencorp, LLC (fka Dolgencorp, Inc.) prior to removal. Confusingly, Dolgencorp, LLC was not named as a defendant in either Plaintiff's original or amended petitions. Instead, Plaintiff argues that Dolgencorp, LLC is a defendant because his original petition references Dollar General and was served on Dolgencorp, LLC.

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.
[4] 28 U.S.C. § 1446.

Plaintiff's original petition named as the sole defendant "Dollar General Store No. 10500 (hereafter, Dollar General) a foreign business enterprise operating in this state, which has appointed the Louisiana Secretary of State as its agent for service in suits for and against it in this state." Plaintiff argues that because Dolgencorp, LLC operates under the trade name "Dollar General" it was made a defendant to this lawsuit by reference to "Dollar General" in the original petition. The petition was served on "Dollar General, Dolgencorp, Inc." through the Corporation Service Company.

"Dollar General Store No. 10500" is a non-existent entity. Plaintiff therefore asks this Court to infer from the naming of this non-existent entity that the petition intended to add as defendant the entity that uses the trade name "Dollar General." The petition does not, however, at any point reference Dolgencorp, LLC as using the trade name "Dollar General." Indeed, it does not reference Dolgencorp, LLC at all. Accordingly, Plaintiff asks this Court to look outside of his petition to determine who he intended to add as a defendant. Such a position flies in the face of the notice pleading standard required in federal court. A complaint must "give the defendant fair notice" of the claims against it.[5] Plaintiff's original and amended petitions do not give fair notice that Dolgencorp, LLC was the intended defendant. In fact, when "Dollar General, Dolgencorp, Inc." received notice of the lawsuit, it assumed that Plaintiff had intended to sue DG Louisiana, LLC, the owner and operator of the Dollar General Store No. 10500.[6] Thereafter, DG Louisiana, LLC voluntarily appeared in this action alleging that Plaintiff had incorrectly

---

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[6] This was a fair assumption in light of the fact that the petition alleges that "Dollar General" is the owner or operator of the premises where Plaintiff's injury occurred.

3

named DG Louisiana, LLC as "Dollar General Store No. 10500." Plaintiff then added DG Louisiana, LLC as a defendant in his amended petition. A defendant should not be left to guess which entity a plaintiff intended to sue when the complaint names a non-existent entity. Dolgencorp, LLC is simply not a named defendant in this action from whom consent was required. Plaintiff's petitions name only a non-existent entity and DG Louisiana, LLC as defendants. DG Louisiana, LLC therefore did not need consent from any other party prior to removal. This argument fails.

**B. Timeliness of Removal**

Next, Plaintiff argues that Defendant's removal was untimely. Pursuant to 28 U.S.C. § 1446, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." To remove an action on diversity grounds, the amount in controversy must exceed $75,000.

Defendant removed this action on March 14, 2019 after it received Plaintiff's medical records on February 12 and 18, 2019. The records stated that Plaintiff has a multiple cervical and lumbar disc herniations, had undergone a branch block, and would require a left and right rhizotomy surgical procedure. Defendant argues that it became clear for the first time after reviewing these records that the amount in controversy exceeded the jurisdictional amount of $75,000.

Plaintiff argues that the removal was untimely because Defendant was aware at the time it filed its answer on December 13, 2018 that Plaintiff's claims exceeded the jurisdictional amount. Plaintiff contends that he produced

4

his medical records to Dollar General's representative prior to litigation and that they were then handed over to Defendant's counsel. He argues that Defendant must have received these records some time after suit was filed but prior to filing its answer because Defendant's knowledge of the extent of Plaintiff's injuries is evidenced in its answer.

The Fifth Circuit has held that "[t]he plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading."[7] Plaintiff asks this Court to infer based on the content of Defendant's answer that he received the "other paper"—Plaintiff's medical records—sometime after the initial pleading but prior to filing his answer. Plaintiff argues that Defendant included affirmative defenses in its answer "that could only be known" if it had already received Plaintiff's medical records. Specifically, he points out that Defendant alleged that it is not responsible for damages that were a result of a pre-existing injury.

This Court does not find that Defendant's answer evidences prior knowledge of the extent of Plaintiff's injuries. Rather, Defendant's answer includes general defenses that could be set forth in defense of any personal injury claim. It is an enormous leap to infer that because Defendant set forth defenses regarding preexisting conditions that it had necessarily received Plaintiff's medical records. This Court declines Plaintiff's invitation to make this inference.[8] Plaintiff does not provide any actual evidence that Defendant

---

[7] Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).
[8] Even assuming that Defendant had received Plaintiff's medical records from its representative prior to its answer, it is not clear that Plaintiff's argument would succeed. It is well settled that an "other paper" within the meaning of § 1446 "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances

5

received his medical records prior to February 12, 2019. Accordingly, Defendant's removal was timely.

## **CONCLUSION**

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana this 17th day of January, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

which now support federal jurisdiction." Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000). Dollar General's representative providing Defendant's counsel with Plaintiff's medical records is not a voluntary act of the Plaintiff.